# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ELLHUE "EDDIE" MALONE; and**
**ROSIE MITCHELL,**

    **Plaintiffs,**

**v.**                                                       **Civil Action No:** 3:17cv097-NBB-RP

**GALENA CORPORATION d/b/a**
**FITCH FARMS**                                       **JURY TRIAL DEMANDED**

    **Defendant.**

## COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT
## FOR MONETARY DAMAGES

Come now Plaintiffs, Ellhue Malone (commonly known as "Eddie" Malone) and Rosie Mitchell, through the undersigned counsel, and for their Complaint Under the Fair Labor Standards Act ("FLSA") For Monetary Damages against Galena Corporation d/b/a Fitch Farms (referred to hereinafter as "Fitch Farms")[1], state as follows:

## INTRODUCTION

Galena Corporation d/b/a Fitch Farms operates a hunting and trapping outfitter service in Marshall County, Mississippi, and services clients from all over the United States.

## JURISDICTION, VENUE, AND PARTIES

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., to recover from Defendant unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and attorney's fees. This action is authorized by 29 U.S.C. § 216(b), and subject matter jurisdiction is proper pursuant to 28

U.S.C. § 1331 and § 1376.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendant resides in this District and because a substantial part of the events and/or omissions giving rise to this claim occurred in this District.

3. Plaintiffs, Ellhue Malone and Rosie Mitchell have been employed by Galena Corporation d/b/a Fitch Farms/Galena Plantation located in Marshall County, Mississippi.

4. Galena Corporation is a Mississippi corporation with headquarters listed in Holly Springs, Mississippi, at 109 E. Van Dorn Avenue.

5. Galena Corporation has availed itself of the privilege of doing business within the state of Mississippi by owning and/or operating Fitch Farms, and is, therefore, subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

6. Defendant operates an 8000 acre outfitter/hunting operation open to the public primarily for quail hunting along with turkey and deer hunting, with guiding, lodging, and meals including corporate retreats.

7. Plaintiffs, bring this action for monetary damages under the FLSA based on Galena Corporation d/b/a Fitch Farm's willful and deliberate denial of overtime pay as set forth more fully below. Each Plaintiff is or has been denied overtime pay in their capacity as a cook and laborer since holding said position. Each Plaintiff was classified by Defendant as "non-exempt" pursuant to the FLSA; (ii) paid straight hourly time without overtime compensation; and (iii) regularly and repeatedly worked in excess of forty (40) hours per week throughout the history of their employment with Defendant. With the benefit of Defendant's business records, each Plaintiff could show a jury the specific weeks they worked in excess of forty (40) hours

2

throughout the history of their employment with Defendant and the exact weeks they were unlawfully denied overtime. Without the benefit of Defendant's business records, including timesheets/payroll records discussed below, it is practically impossible for each Plaintiff to accurately identify each and every week(s) they worked in excess of forty (40) hours per week throughout the history of their employment with Defendant and were not paid (and unlawfully denied) overtime pay. To the extent required by law, or to the extent this Court may require a heightened standard of pleading (*i.e.* Fed. R. Civ. P. 9(b) specificity/particularity versus Fed. R. Civ. P. 8(a)(2)'s "short and plain statement of the claim…"), each and every Plaintiff, after review of Defendant's business records, is willing to amend this Complaint (or, if permitted, simply testify at deposition/trial) to identify the specific weeks during their employment with Defendant that they worked in excess of forty (40) hours per week throughout the history of their employment with Defendant and denied overtime pay in violation of the FLSA.

8. Defendant is, and at all times relevant to this action has been, an "employer" subject to the provisions of the FLSA.

9. At all times material to this Complaint, Defendant has employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have or had been moved in or produced for commerce.

10. At all times material to this Complaint, Defendant engaged in interstate commerce as defined in 29 U.S.C. § 203(r) and 203(s).

11. At all times material to this Complaint, the annual gross sales volume of Defendant was in excess of $500,000 per annum.

12. At all times material to this Complaint, Defendant has constituted an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

13. Plaintiffs are and at all times relevant to this action have been, "employees" entitled to the protections of the FLSA.

14. Defendant is, and at all times relevant to this action has been, subject to the requirement under 29 U.S.C. § 207 that employees may not work more than forty (40) hours per week without receiving "overtime" compensation at a rate of not less than one and one-half times the regular rate of salary or pay.

15. Each Plaintiff claims to have been denied proper overtime compensation for all weeks in which they worked in excess of forty (40) hours. Defendant has in its possession and/or should have in its possession records showing the hours worked and/or some of the hours worked by Plaintiffs (which will be requested during discovery) that will enable each and every Plaintiff to be more specific as to the weeks in which they worked in excess of forty (40) hours. Without the benefit of Defendant's business records, this Complaint suffices as a short and plain statement and is made with sufficient specificity to satisfy notice pleading, Fed. R. Civ. P. 8(a) and other applicable law. Through discovery and production of Defendant's business records (if made available), each and every Plaintiff should be able to identify (at deposition or at trial) the specific weeks over the past three years that they worked in excess of forty (40) hours and were unlawfully denied overtime pay.

16. Upon information and belief, Defendant has required each Plaintiff to work in excess of 40 hours per week, but in most instances, Plaintiffs have actually worked six days per week accumulating over 60-80 hours or more per week on average and only receiving straight time pay.

17. Upon information and belief, Plaintiffs are/were required, however, to show up much earlier and to leave later at the end of the day beyond their scheduled work day. By way of

illustration and in order to satisfy the pleading standards pronounced by Fed. R. Civ. P. 8(a) and other applicable law, each of the Plaintiffs suing Defendant herein regularly worked six days per week accumulating over 60-80 hours or more per week on average without overtime pay.

18. Plaintiff, Ellhue "Eddie" Malone's primary job duties consisted of cooking for all guests and his employers as well as assisting with various tasks of his coworkers. Plaintiff Rosie Mitchell's primary job duties consisted of cleaning and assisting with cooking and any other duties of her coworkers at Fitch Farms.

## **COUNT ONE - VIOLATION OF FLSA**

19. Plaintiffs repeat and incorporate by reference each allegation set forth above as if fully set forth herein.

20. Defendant has violated the FLSA by refusing to pay overtime or any other compensation to nonexempt hourly employees, specifically the Plaintiffs, for the time which they spent working beyond forty (40) hours in a given week.

21. As a result of Defendant's past, present and continuing violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiffs have suffered, and continue to suffer, damages in the form of earned but unpaid overtime wages as well as liquidated damages under 29 U.S.C. § 216(b), in a total amount to be determined at trial by jury.

22. As a result of Defendant's violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiffs are entitled to recover their attorneys' fees and costs incurred in bringing this action under 29 U.S.C. § 216(b).

23. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records sufficient to determine

5

their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

## COUNT TWO– DECLARATORY JUDGMENT

24. Plaintiffs repeat and incorporate by reference each allegation set forth above as if fully set forth herein.

25. Plaintiffs request a declaratory judgment that Defendant has violated the overtime provisions of the FLSA and, moreover, that Defendant's violation of the FLSA was willful, deliberate, intentional and otherwise.

26. Plaintiffs request a declaratory judgment that Defendant misclassified them as "exempt" from the provisions of the FLSA.

27. Plaintiffs request a declaratory judgment that the failure to pay them overtime was willful, deliberate and/or intentional and that their misclassification as "exempt" by Defendant was willful, deliberate and/or intentional under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Ellhue "Eddie" Malone and Rosie Mitchell respectfully request a **TRIAL BY JURY** and that this Honorable Court or a jury of their peers be empaneled to provide just, equitable and necessary relief, including but not limited to:

1. A Final Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

2. A Final Judgment against Defendant finding that its violation of the FLSA was willful, deliberate and/or intentional;

3. A Final Judgment against Defendant for an equal amount to the overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims as permitted by the FLSA;

5. An order requiring Defendant to immediately preserve all documentation and electronically stored information relevant to this lawsuit, including but not limited to all video, timesheets, reports, databases, policies, procedures, timecards or other documents whether in hard copy or electronic format;

6. A Declaratory Judgment that Defendant has violated the FLSA and that said violation was willful, deliberate and/or intentional with regard to its failure to pay overtime to Plaintiffs;

7. The issuance of temporary and permanent injunctive relief against Defendant to prevent any suggested, threatened or actual retaliation by Defendant against Plaintiffs or any other persons who may later participate in Plaintiffs' investigation or any persons that may later become a part or party to this Action; and

8. For all such further relief as the Court deems just, equitable and necessary under the circumstances. Respectfully submitted,

**WEBSTER LEGAL, PLLC**

By: /s/ J. Harland Webster
     J. Harland Webster (MS # 102458)

152 Delta Avenue
P. O. Box 1769
Clarksdale, Mississippi 38614
(662) 627-2241 Telephone
harland@webster-legal.com

*Attorneys for Plaintiffs*